14-0382-cv
*Ironshore Specialty Ins. Co. v. Eidos Partners, LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---------------------------------------------------------------

ABC,

> *Plaintiff*,

- v. -

IRONSHORE SPECIALTY INSURANCE COMPANY,

> *Petitioner-Appellee*,

- v. -                                                     No. 14-0382-cv

DEF,

> *Defendant*,

- v. -

EIDOS PARTNERS, LLC, EIDOS III, LLC, EIDOS, IV, LLC, EIDOS DISPLAY, LLC, EIDOS ADVANCED DISPLAY, LLC, KAMDES IP HOLDING, LLC, EIDOS, LLC,

> *Respondents-Appellants*.

---------------------------------------------------------------

1

CHARLES E. DORKEY III (Gaspare J. Bono, *on the brief*), McKenna Long & Aldridge, Washington, DC, *for Respondents-Appellants*.

KEVIN J. WINDELS (Peter A. Stroili, *on the brief*), D'Amato & Lynch, LLP, New York, NY, *for Petitioner-Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

On November 2, 2010, Eidos Partners, LLC, Eidos Display, LLC, Eidos III, LLC, Eidos IV, LLC, Eidos Advanced Display, LLC and Kamdes IP Holdings, LLC (collectively "Eidos"), obtained a debt facility from Stairway Capital Management II L.P. ("Stairway") in order to fund a patent enforcement litigation program. That same day, Ironshore Specialty Insurance Company ("Ironshore") executed an insurance policy (the "Policy") providing coverage to Eidos in case Eidos did not recoup at least the amount of Stairway's loan through its patent enforcement litigation program. On October 8, 2013, Ironshore served on Eidos a Demand for Arbitration and Statement of Claim. It sought to have the Policy declared void *ab initio* due to alleged misrepresentations made by Eidos and its attorneys, and in the alternative sought a declaratory judgment that no coverage was due under the Policy because no "Covered Event" had occurred. Ironshore made a second argument in the alternative that the limit of liability under the Policy had been reduced.

On November 26, Ironshore filed a petition in the United States District Court for the Southern District of New York to compel Eidos to arbitrate the dispute. In response, Eidos acknowledged that the dispute was governed by the Policy's dispute resolution provision providing for mandatory arbitration, but argued that arbitration was premature because the parties had not yet engaged in a reconciliation meeting. Eidos declared:

2

The Policy unquestionably provides a three-step process for any disputes that arise in connection the [sic] Policy, namely: (1) reconciliation of outstanding issues on amount of loss, (2) non-binding mediation, and then (3) arbitration before the American Arbitration Association ('AAA').

J.A. 144.

After a reconciliation meeting was held, on January 17, 2014, the district court (Forrest, *J.*), ordered Ironshore and Eidos to proceed with mediation, followed by arbitration if such mediation were unsuccessful. Eidos filed a motion to reconsider, arguing (contrary to its prior position) that litigation rather than arbitration was required in order to resolve the dispute because Stairway was the real party in interest and was not bound by the Policy's arbitration provision. The district court denied Eidos's motion, finding that "Eidos exclusively raises arguments that it did not raise in its original opposition to Ironshore's petition." J.A. 486. Eidos now appeals the district court's January 17 order compelling mediation and arbitration, and its denial of Eidos's motion for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We generally do not consider arguments not raised in the first instance unless "necessary to avoid a manifest injustice." *In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008). Further, we generally do not "consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012). Eidos's current appeal primarily advances arguments for why the dispute regarding Ironshore's coverage under the Policy is not subject to arbitration that were not raised in its initial opposition to Ironshore's petition to compel arbitration, or even in its motion for reconsideration. Eidos has not demonstrated that a manifest injustice will occur if we do not consider its current arguments, and it easily could have raised those arguments in its initial opposition. Accordingly, we hold Eidos's arguments to be forfeited. To the extent that Eidos now advances arguments that it did make to the district court, we affirm for substantially the same reasons stated in the orders of the district court from which Eidos has appealed.

3

For the foregoing reasons, the decisions of the district court are **AFFIRMED**. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk